Johnson *v.* Williams.

No. 1,087.

JOHNSON *v.* WILLIAMS.

PRINCIPAL AND AGENT.—*Rendering Services at Request of Another.—Recovery.—Broker.—License.*—Where a person not engaged in a regular business of stock and exchange broker renders services at the instance and request of another, in the sale of bank stock, the former is entitled to recover of the latter the reasonable value of the services rendered, such services not being in violation of section 5269, *et seq.*, R. S. 1881.

From the Grant Circuit Court.

*G. W. Harvey* and *A. De Wolf*, for appellant.
*W. H. Carroll* and *G. G. Wharton*, for appellee.

Ross, J.—This action was brought by the appellee against the appellant to recover for services rendered appellant in the sale of some bank stock. The only question presented on this appeal is as to the correctness of the conclusions of law made by the court upon the facts found.

The facts found, with the conclusions of law thereon, are as follows:

1. "That the plaintiff, at the instance and request of the defendant, sold forty-five shares of bank stock belonging to the defendant, and that the services so rendered in selling said bank stock were reasonably worth one hundred and eighty dollars."

2. "That the plaintiff, at the time he sold said bank stock, was not licensed to carry on the business of stock and exchange broker, in buying or selling stock, bank notes, gold, silver, promissory notes, and bills of exchange."

3. "That at the time of making said sale of said bank stock the plaintiff was not engaged in a regular business of stock and exchange broker, in buying or selling stock,

bank notes, gold, silver, promissory notes, and bills of exchange.''

''And as conclusions of law upon the facts the court finds: 1st. That the plaintiff ought to recover of and from the defendant the sum of one hundred and eighty dollars.''

The contention of counsel for appellant is that the appellee was not entitled to recover, because he was acting as a broker, contrary to sections 5269, 5274 and 2090, R. S. 1881.

We think it unnecessary to pursue and determine all the questions so ably presented by counsel for appellant, for the reason that counsel's reasoning is predicated upon a state of facts contrary to what is shown by the record in this case. In determining the correctness of the conclusions of law drawn by the court, we can look simply to the facts found by the court within the issues.

Had the court found as a fact that the appellee was acting as a broker in making the sale of bank stock for appellant, we would probably be called upon to put a construction upon the sections of the statute, *supra*. However, the court found as a fact that the appellee ''was not engaged in a regular business of stock and exchange broker.'' Whether or not he was so engaged is a question of fact to be determined from the evidence, and the appellant does not question the correctness of the facts found. The court having found that he was not acting as a broker, the conclusions were right.

The court did not err in its conclusions of law.

Judgment affirmed.

Filed Jan. 10, 1894.